NO. 07-04-0013-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 19, 2004

_____

CARLOS FERRER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-403301; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ON ABATEMENT AND REMAND**

Carlos Ferrer appeals his conviction for aggravated sexual assault. The clerk's record was filed on February 23, 2004, and the reporter's record was filed on May 20, 2004. Appellant's brief was due on June 21, 2004, but was not filed by that date. On July 22, 2004, this court notified appointed counsel for appellant that neither the brief nor an extension of time to file appellant's brief had been filed. Counsel for appellant was also

admonished that if appellant's brief was not filed by August 2, 2004, the appeal would be abated to the trial court. That date has passed, and appellant has not filed a brief or moved for an extension.

Consequently, we abate this appeal and remand the cause to the 140th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and thereafter, conduct a hearing to determine the following;

1. whether appellant desires to prosecute the appeal;
2. whether appellant is indigent and entitled to appointed counsel; and,
3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that indigent defendant is entitled to the effective assistance of counsel on the first appeal as a matter of right and that counsel must be available to assist in preparing and submitting an appellate brief).

Tex. R. App. P. 38.8(b)(2).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and has been denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, fax number and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed (1) a supplemental clerk's record containing the findings of fact and conclusions of law and (2)

a supplemental reporter's record transcribing the evidence and argument presented at the hearing. Tex. R. App. P. 38.8(b)(3). Additionally, the trial court shall cause the supplemental clerk's record and the supplemental reporter's record to be filed with the clerk of this court on or before September 17, 2004. Should additional time be needed to perform these tasks, the trial court may request additional time before September 17, 2004.

Per Curiam

Do not publish.